## HENRY F. JAMES, &c. v. HENRY STONE, &c.

**Executions—Senior and Junior—Levy Priority—Application of Proceeds of Sale—Apportionment—Sheriff Responsible for Error.**

The law requires the sheriffs shall first satisfy the scire facias which comes first to his hands, and when two or more executions come to his hands at the same time he shall apportion the sum made among the several executions according to the amount realized.

**Same.**

If a sheriff undertakes to make what in his judgment is an equitable apportionment between execution creditors he is liable on his official bond for error.

**Same—Over-Payment of Creditor—Sheriff Responsible.**

Where a sheriff over-pays one of several execution creditors and the money realized from the sale is not sufficient to satisfy all the executions he is responsible to the other creditors in proportion to the amount over-paid.

APPEAL FROM MERCER CIRCUIT COURT.

January 4, 1872.

OPINION OF THE COURT BY JUDGE PRYOR:

The appellant, James, was sheriff of Mercer county, in the year 1866, and whilst acting as such various executions for large sums of money issued from the clerk's office of that court in favor of the Bank of Kentucky, Lillard, as guardian, Mary Morgan and the Savings Institution against J. W. Morgan, Hervel Gose, etc.

These executions were placed in the hands of the appellant, as sheriff, for collection. The three executions first named, viz., those in favor of the Bank of Kentucky, Lillard and Mary Morgan were replevied by the defendants with the appellees as their sureties in the replevin bonds. The execution in favor of the Savings Institution was issued upon a judgment obtained on a note or bill, for which the appellees were originally bound as sureties. That judgment was against all the parties to the bill, including the appellees. Executions were issued on the replevin bonds in all the cases, and levied upon a tract of land, and some personal property owned by Morgan and Gose. After these executions were issued and levied on the property of the defendants in the executions, two other executions issued from the same court, one in favor of James Hardin against Hervel Gose and I. W. Morgan, and the other in favor of Sallie Burns against H. Gose and others. These last executions were placed in the hands of the appellant, as sheriff, and he also levied them upon the same tract of land upon which he had levied the first executions already named. The apellees were not on the executions in favor of either Hardin or Sallie Burns, or liable for the same in any way. On the first named executions, as between the parties against whom they had issued, they were only liable as sureties. The land and personal property of Gose and Morgan, who, as between the parties to the executions, were the real debtors, was not sufficient to satisfy all the executions, the appellant, as sheriff, had against them, and the appellant applied the proceeds of sale to the payment of the two junior executions in favor of Hardin and Mrs. Burns, by which these executions

were satisfied, and the balance he applied to the payment of the senior executions, for which the appellees were liable as sureties, leaving a balance due on these executions, that were first issued and first levied, of $1,800, and the appellant, as sheriff, having also levied on the land of the appellees sold their land to raise that sum.

The appellees then instituted the present action against the appellant, as sheriff, and his sureties upon his official bond, alleging that they were only liable on the executions that were first placed in the sheriff's hands, and first levied upon this property as sureties, of which fact the appellant was cognizant, and that he was guilty of a breach of his official bond in not applying the proceeds of the sale of the property of Morgan and Gose, first to the satisfaction of the executions that were first placed in his hands, and first levied upon the property, and that his failure to do so has caused them to pay $1,800, etc.

"The law requires that the sheriff shall first satisfy the scire facias, which comes first to his hands, and when two or more executions comes to his hands at the same time he shall apportion the sum made among the several executions according to amount, etc."

The duty of the sheriff by this statute is clearly defined and easily understood, and if he undertakes to make what in his judgment is an equitable apportionment between execution creditors, he must be held responsible if in error.

In this case the appellees were sureties upon all the prior executions they were first in date, and placed in the hands of the appellant, as sheriff, and levied by him before the two executions in favor of Harding and Mrs. Burns were issued.

These sureties by the application of the proceeds of the sale of this property to the payment of the junior executions, have been compelled to pay not the debts for which they were liable, but the junior executions for which they were not responsible in any way. These securities were doubtless looking to this levy and sale under the executions for which they were liable, as a means of saving them harmless and releasing them from responsibility.

The property was amply sufficient to pay every dollar of the debts for which they were bound; the lien had already been created upon the property by the levy, and any action on the part of the sheriff, depriving them of the proceeds of the sale

without their consent, made him liable to the extent of the injury sustained by them.

The result of the sheriff's action was to compel these sureties to pay the balance of the debt. This court in the case of Staten & Others vs. the Comlth., 2 Dana, page 399, says: "that when a sheriff satisfies a junior execution with monies arising from the sale of the principal's property, which was liable to the senior execution execution first placed in the sheriff's hands in consequence of which the          property is afterwards taken and sold to satisfy the senior execution that the sheriff is liable to the surety in damages."

This doctrine is re-affirmed by this Court in the case of Rowe vs. Williams, 7 B. Monroe, page 205. The case of the Comlth. for Tiffany vs. Hurt & Others, 4th Bush, page 65, is not applicable to the question involved in the case we are now considering; the rights of sureties in executions were neither discerned or decided in that case.

The appellant, hwever, insists that at the time of the levy by the sheriff of the senior executions on the tract of land belonging to Gose, that he had only the equitable title to twenty acres of the tract, and that after these senior executions had been returned, and whilst the junior executions were in his hands the defendant, Gose, by writing consented that this equitable interest should be sold, and that this consent connected with the writing executed, gave to the junior execution a lien on the twenty acres. The levy on this twenty acres with the senior executions, was not void but voidable only and in addition to this levy, the defendant in the executions, Gose, directs the sale of this twenty acres by the following writing: "Whereas, H. F. James, sheriff of Mercer county, has divers executions in his hands against my estate and others from the clerk's office of the Mercer circuit court which have been levied on my land were for cash and some on a credit, and whereas, there is twenty acres of land on which my dwelling house stands, for the conveyance of which I hold Joseph Morgan's title bond, all the purchase money has been paid by me, now, I authorize the sheriff to sell said twenty acres of land, with 139¾ acres for which I hold Morgan's deed, on which land said sheriff has levied said executions, the land to be sold to pay debts giving priority to the liens as made, etc."

This writing had reference to the executions that had been

returned to the clerk's office, after having been levied and without any sale, as well as the two junior executions then in the sheriff's hands. The junior executions had also been levied before this writing was executed and the consent of the owner that the twenty acres might be sold gave to the sheriff no right to appropriate the proceeds of this twenty acres to the payment of the junior executions, but on the contrary, the writing expressly requires that the proceeds shall be applied, "by giving priority to liens as made."

That the writing evidently refers to all the executions that had been levied, is made certain from the fact that it recites "that some of the executions were for cash and some on a credit." Now the senior executions were issued on replevin bonds and the junior executions were not, showing clearly that the object of the writing was to ratify the levies made of all the executions on the land including these returned to the office as well as those in the sheriff's hands.

The appellant also increased the liability of the sureties by paying to the Bank of Kentucky $348 more than the Bank was entitled to, by its execution; the bank debt was paid out of the property levied on to pay these various executions and if the appellant paid out of the proceeds of sale more money than the execution creditors were entitled to, when the proceeds of sale were not sufficient to pay all the debts, it increased the liability of the sureties to that extent, and if the appellant had not paid the bank this $348 to which the bank was not entitled, the securities would have had that much less to pay.

The questions made, however, as to the over-payment to the bank, and the amount retained by the appellant for Morgan's taxes, were not decided, as the appellant is liable for the amount of money paid by the appellees, as sureties, in satisfaction of these executions less the amount collected by them in the suit vs. Morgan.

The effort upon the part of the appellees to recover by suit from their principals the amount of money paid as their sureties is no bar to the present action. They had the right to pursue their principals by either a legal or equitable proceeding to indemnify them for the loss they sustained in paying the money, and the appellant ought not to complain, as the amount recovered back from the principals inures to his benefit and relieves him from the payment of a large sum of money.

We perceive no error in the judgment of the court below. The appellees paid $1,850 on the 1st of January, 1867; they collected of Morgan $1,100 on the 7th of September, 1868, and the amount of the judgment should be for $1,850, with interest from its payment subject to the credit of $1,100 paid 7th of September, 1868. The chancellor renders the judgment for $1,406, with interest from 1st January, 1867, subject to a credit of $611, paid 7th of September, 1868; by calculating the accounts upon each basis up to the date of the credits the same results will be produced.

The judgment of the court below is affirmed.

*C. A. Hardin, A. Harding, Bell,* for appellants.
*Thompsons,* for appellees.